UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| TARRIE HYCHE | } | CASE NO. 12-72304-CRJ-11 |
| SSN: XXX-XX-3504 | } | |
| | } | CHAPTER 11 |
| Debtor(s). | } | |
| | | |
| ROBERT A. MORGAN AS | } | AP NO. 13-70023-CRJ-11 |
| LIQUIDATING TRUSTEE FOR THE | } | |
| ESTATE OF TARRIE HYCHE | } | |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| GREG MASTERSON | } | |
| | } | |
| Defendant(s). | } | |

**MEMORANDUM OPINION ON DEFENDANT'S MOTION
TO EXCLUDE EXPERT TESTIMONY**

This Pre-trial matter is before the Court on Defendant Greg Masterson's Motion to Exclude Expert Testimony; Response in Opposition to Masterson's Motion to Exclude Expert Testimony; and Defendant's Brief Addressing Whether an Expert Witness Must be a Licensed Appraiser to be Qualified to Testify and Offer an Opinion as to the Value of Real Property.

The above styled Adversary Proceeding is scheduled for trial before this Court commencing on January 6, 2016 (the "Trial") on the Plaintiff's Complaint seeking to set aside certain transfers to Greg Masterson ("Defendant") as preferential transfers pursuant to 11 U.S.C. § 547. In anticipation of Trial, Defendant seeks to exclude the testimony of certain witnesses for Plaintiff including Larry "Chip" Pearce, Mark O. Hampton, and Keith Carr on the grounds that the proposed experts are not qualified to testify as to their opinions regarding the value of the real property owned

by the Debtor on the date of the transfers at issue because the proposed experts are not licensed by the State of Alabama as appraisers pursuant to ALA. CODE § 34-27A-3 (1975).

Plaintiff counters that the statute cited by Defendant is merely a licensure statute and is not applicable to an individual's ability to provide testimony. Instead, Plaintiff cites as the applicable statute ALA. CODE § 12-21-114 (1975) which provides that "[d]irect testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article if he has had an opportunity for forming a correct opinion."

The issue before the Court is which, if either, of the Alabama statutes is applicable to the Trial and the testimony of the proposed expert witnesses.

The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. Further to the extent, any of the following conclusions of law constitute findings of fact, they are adopted as such.

**FINDINGS OF FACT**

1. On November 5, 2012, Debtor, Tarrie Hyche, filed his voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

2. On September 6, 2013, Debtor filed this Adversary Proceeding seeking to set aside certain challenged transfers to the Defendant pursuant to 11 U.S.C. § 547. On April 25, 2014, Debtor filed a Motion for Leave to Amend the complaint to add an additional cause of action to have a mortgage recorded by Defendant on real property set aside. On June 4, 2014, the Court entered an Order Granting the Motion for Leave to Amend Complaint.

3. On August 5, 2015, the Court enter an Order Granting Motion to Substitute Trustee, Robert A. Morgan, as the real party in interest in this Adversary Proceeding.

4. On September 21, 2015, Plaintiff filed his Expert Witness Designation listing certain witnesses including Larry "Chip" Pearce, Mark O. Hampton, and "any or all of the experts designated by Defendant in his Initial Disclosures dated December 5, 2013." ECF no. 79.

5. On March 11, 2013, the Court entered an Order Approving Employment of Professional, Mark O. Hampton of United Country Four Oaks Realty & Auctions, LLC, as a real estate broker to sell several parcels of properties owned by the Debtor. Plaintiff seeks to offer the testimony of Mr. Hampton that he was unable to sell the properties identified in the Application to Employ because they were priced too high and to further testify regarding market conditions in 2012 during the time of the challenged transfers.

6. On May 11, 2015, the Court entered an Order Approving Contingency Fee Employment of Liquidator Pearce & Associates Auction Company. Mr. Pearce and his auction company handled the first auction of the Debtor's property. Plaintiff seeks to offer the testimony of Mr. Pearce as to the amounts the auctioned properties yielded; as to his opinion as to the tax assessed values of some of the properties; and as to the value of certain properties.

7. On October 21, 2015, Plaintiff filed a Supplement to Plaintiff's Witness Designations to designate Keith Carr, a Vice President of Federal Land Bank and appraiser for Alabama Farm Credit, as an expert witness. Mr. Carr completed appraisals of the property owned by the Debtor and his wife. ECF no. 85.

8. On October 30, 2015, Defendant filed a Motion to Exclude Expert Testimony seeking to exclude the testimony of any expert witness who offers evidence as to the value of real property

without the necessary licensing credentials under Alabama law. Defendant argues that licensed appraisers are the only experts qualified in Alabama to offer an opinion as to the value of real property.

9. Defendant also seeks to exclude any expert opinions offered by WM Paul Scruggs, Mario Mazzei, Travis Prewett and C. Barrett Walls as not having been timely disclosed.

10. The Court ordered the parties to brief the issue regarding the possible exclusion of testimony of certain non-licensed experts at the Trial and having reviewed the briefs of both Plaintiff and Defendant, makes the following rulings.

**CONCLUSIONS OF LAW**

Upon consideration of the pleadings, briefs, arguments of counsel and applicable law, the Court finds and concludes as follows:

1. To the extent Defendant seeks to exclude the possible expert testimony of WM Paul Scruggs, Mario Mazzei, and Travis Prewett, the Court finds that Defendant's Motion should be denied as these individuals were initially listed as experts by Defendant on March 14, 2014 in Defendant's Notice of Reports from Retained Experts. Accordingly, Defendant cannot assert surprise or prejudice with regard to the testimony of these individuals. Further, Plaintiff does not appear to propose Barrett Walls as an expert witness. Mr. Walls is listed as a fact witness from Alabama Farm Credit.

2. To the extent Defendant seeks to exclude the testimony of certain proposed experts including Larry "Chip" Pearce, Mark O. Hampton, and Keith Carr, the Court finds that the Motion should be denied for the reasons that the designated experts are not disqualified from testifying

4

under FED. R. EVID. 601 and Alabama law as to their expert opinions regarding the insolvency of the Debtor at the time of the challenged transfers.

3. Section 547(b) of the Bankruptcy Code states that a Trustee may avoid certain prepetition transfers made to a creditor on or within 90 days before the petition date "while the debtor was insolvent."

4. Section 101(32) of the Bankruptcy Code defines the term "insolvent" as follows:

> (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, *at a fair valuation*, exclusive of--
> (i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and
> (ii) property that may be exempted from the estate under section 522 of this title.

11 U.S.C. § 101(32)[emphasis added].

5. A presumption of insolvency arises during the 90 day period preceding the petition date pursuant to 11 U.S.C. § 547(f). The presumption shifts the burden of going forward with evidence to the party against whom the presumption operates. Thus, the Defendant must come forward with evidence to rebut the presumption of insolvency under the Bankruptcy Code. To determine whether the Debtor was insolvent for purposes of § 547(b), the Court must determine whether the value of the Debtor's assets exceeded the amount of his liabilities as of the relevant point in time. The Bankruptcy Code's balance sheet test requires the Court to determine the value of the Debtor's assets on the date of the alleged transfers "at a fair valuation."

6. Pursuant to FED. R. BANKR. P. 9017, the Federal Rules of Evidence apply in adversary proceedings under the Bankruptcy Code. Rule 702 of the Federal Rules of Evidence states as follows:

5

Case 13-70023-CRJ    Doc 138    Filed 12/23/15    Entered 12/23/15 11:25:47    Desc Main
Document      Page 5 of 9

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) the testimony is based on sufficient facts or data;
> > (c) the testimony is the product of reliable principles and methods; and
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

7. The competency of witnesses to testify is governed by FED. R. EVID. 601 which states as follows:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

8. Rule 601 of the Federal Rules of Evidence governs the competency of witnesses to testify in federal court and generally eliminates all grounds of incompetency with respect to a claim or defense as to which federal law provides the rule of decision. *Barry Russell*, Bankr. Evid. Manuel, § 601:1 (2014 - 2015 ed.). Rule 601 provides a limited exception, however, in civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision. "This proviso means, in general, that state law governs the competency of a witness where the proof is directed at a substantive issue governed by state law." *Barton v. American Red Cross*, 829 F. Supp. 1290, 1299 (M.D. Ala. 1993)(finding that Alabama law governed the competency of witnesses to testify as experts regarding medical malpractice claims). This limited state law exception has no application, however, in civil cases where the applicable substantive law is derived from a federal statute. Federal Practice & Procedure, 27 Fed. Prac. & Proc. Evid. § 6007 (2nd ed.)(explaining that it is clear from the legislative history of Fed.R. Evid.

601 "that the state law proviso has no application in civil cases where the applicable substantive law comes from a federal statute").

9. "[C]ourts uniformly recognize that questions concerning the admissibility of expert testimony are governed by federal law, not state law." *In re Dow Corning Corp.,* 244 B.R. 634, 654 (Bankr. E.D. Mich. 1991); *McDowell v. Brown*, 392 F.3d 1283, 1294-1295 (11th Cir. 2004)(the admissibility of expert testimony is a matter of federal, rather than state procedure); *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002)("[t]he admissibility of expert testimony is a matter of federal law, rather than state, procedure").

10. Defendant's motion to exclude the testimony of certain non-licensed witnesses of the Plaintiff is premised on the applicability of the exception to FED. R. EVID. 601 to the Trial. Although Defendant concedes that FED. R. EVID. 702 generally dictates the admissibility of expert testimony, Defendant argues that the exception provided in FED. R. EVID. 601 is controlling in this case, and that the Court must determine the competency of Plaintiff's proposed experts to testify as to the value of the Debtor's property in accordance with Alabama law. Defendant argues that "the Federal Rules of Evidence specifically provide that when a state law claim is at issue, questions of privilege and competency 'shall be determined in accordance with state law.'" *In re Dow Corning Corp.,* 244 B.R. 634, 654 (Bankr. E.D. Mich. 1991). Defendant defines the state law issue in this case as the competency of unlicensed appraisers to testify as to the value of real property. Defendant argues that Alabama law prohibits non-licensed individuals from offering an opinion as to the value of real property in exchange for money. *See* ALA. CODE § 34-27A-3 (1975).

11. To determine whether the state law exception applies under FED. R. EVID. 601, the Court must determine "whether the substantive issue in the case will be decided under State or

7

Federal law." *Wagner v. Groshans (In re Groshans)*, 114 B.R. 258, 260 (D. Colo. 1991)(finding federal law, rather than state law, applied in determining whether a sale of collateral was malicious under § 526(a)(6)); *but see McDowell v. Brown*, 392 F.3d 1283, 1295 (11th Cir. 2004)(finding Georgia witness competency statute applicable in medical malpractice action); *Legg v. Chopra*, 286 F.3d 286, 290 (6th Cir. 2002)(finding Tennessee witness competency statute rather than federal rule governing expert testimony applied in medical malpractice action); *Ralph v. Nagy*, 749 F.Supp. 169 (M.D. Tenn. 1990)(Tennessee statue requiring expert witness in medial malpractice case to be licensed applied in a diversity action, rather that federal rule governing expert testimony).

12.     Although Defendant defines the state law issues in this case to be the competency of unlicensed appraisers to offer value opinions as to real property in Alabama, the Court finds that the applicable substantive law in this case involves the issue of insolvency pursuant to 11 U.S.C. § 547 and thus is derived from federal law. The central issue in this case is whether the Plaintiff may avoid the prepetition transfers at issue pursuant to 11 U.S.C. § 547(b) made on or within 90 days of the petition date "while the debtor was insolvent" as defined under 11 U.S.C. § 101(32) of the Bankruptcy Code. Plaintiff seeks to offer the testimony of the proposed expert witnesses to prove the Debtor's insolvency on the date of the transfers at issue.

13.     The exception under FED. R. EVID. 601 upon which the Defendant relies is not applicable in this case, and thus the Alabama statute is not governing. The Court need not determine whether licensed appraisers are the only experts qualified in Alabama to offer an opinion as to the value of real property. Accordingly, the Court finds that Plaintiff's proposed experts are not excluded from testifying at the Trial under state or federal law to the extent the proposed testimony is relevant as may be further determined at Trial.

14. Bankruptcy courts routinely permit real estate brokers and other professionals to testify as to the value of real property in bankruptcy cases notwithstanding such experts lack of licensing or other formal training as appraisers. While non-licensed real estate brokers and other professionals may be permitted to testify, the weight to be accorded to such testimony may, however, clearly be affected. *In re Smith*, 267 B.R. 568 (Bankr. S.D. Ohio 2001)(finding experienced real estate broker qualified as expert for purposes of testifying as to the value of the debtors' assets, but the broker's lack of appraisal training affected the weight to be accorded to his testimony).

15. For all the reasons set forth above, the Court finds that Defendant's Motion to Exclude Expert Testimony should be denied. The weight to be accorded to the testimony of Plaintiff's proposed expert witnesses will be determined by the Court at the Trial based upon the qualifications of such experts, the relevancy of their testimony and other factors.

A separate Order will be entered in conformity with the Findings of Fact and Conclusions of Law in this Memorandum Opinion.

IT IS SO ORDERED this the 23rd day of December 2015.

/S/ Clifton R. Jessup, Jr.
CLIFTON R. JESSUP, JR.
United States Bankruptcy Judge